UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 00-7104

CHARLES GILBERT MURPHY,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-99-33, CA-00-497)

Submitted: December 8, 2000

Decided: January 4, 2001

Before WIDENER, MICHAEL, and KING, Circuit Judges.

_____

Dismissed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Charles Gilbert Murphy, Appellant Pro Se. Scott L. Wilkinson,
OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Charles Gilbert Murphy appeals the district court order dismissing his 28 U.S.C.A. § 2255 (West Supp. 2000) motion. The district court summarily dismissed Murphy's motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C.A. § 2255. We deny a certificate of appealability and dismiss the appeal as to all of Murphy's claims excepting one. As to Murphy's claim that he was denied effective assistance of counsel because counsel failed to file a notice of appeal despite being requested to do so, we grant a certificate of appealability and vacate the court's order as to that claim and remand for further proceedings.

The district court determined that because Murphy waived his right to appeal his sentences and convictions except for claims regarding ineffective assistance of counsel and prosecutorial misconduct not known at the time he pled guilty, Murphy was not prejudiced by counsel's failure to note an appeal because an appeal would have been futile. Counsel's failure to note a requested appeal is presumptively prejudicial, however. *See Roe v. Flores-Ortega*, 120 S. Ct. 1029, 1038-39 (2000); *United States v. Witherspoon*, 2000 WL 1663362 *2 (4th Cir. Nov. 6, 2000) ("[a]n attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective"); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). In *Roe*, the Supreme Court found that when counsel's conduct renders the appellate proceeding non-existent, prejudice is presumed and the defendant is not required to show that the appellate proceeding would have presented meritorious claims. *See id.* Thus to prevail on an ineffective assistance of counsel claim for failing to note an appeal, a defendant need not "demonstrate that his hypothetical appeal might have had merit," but rather only that "but for counsel's deficient conduct, he would have appealed." *Roe*, 120 S. Ct. at 1040.

Accordingly, we grant a certificate of appealability in regard to Murphy's claim that he was denied effective assistance of counsel because counsel failed to file a requested notice of appeal.[1] We vacate

---

[1]We express no opinion as to the merits of this claim.

the court's order as to this claim and remand for further proceedings. As for Murphy's remaining claims, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. *See United States v. Murphy*, Nos. CR-99-33; CA-00-497 (E.D.N.C. July 27, 2000).[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*DISMISSED IN PART;*
*VACATED AND REMANDED IN PART*

---

[2]Although the district court's order is marked as "filed" on July 26, 2000, the district court's records show that it was entered on the docket sheet on July 27, 2000. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision. *See Wilson v. Murray*, 806 F.2d 1232, 1234-35 (4th Cir. 1986).