PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

RODERICK TYRONDA WITHERSPOON,
    *Defendant-Appellant.*

No. 99-6988

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-90-277-WS, CA-97-526-6)

Argued: September 28, 2000

Decided: November 6, 2000

Before WILKINS, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Vacated and remanded by published opinion. Judge Wilkins wrote the opinion, in which Judge Williams and Judge Traxler joined.

_____

## COUNSEL

**ARGUED:** Michael K. Ryan, Student Counsel, Appellate Litigation Program, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant. Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Steven H. Goldblatt, Director, Adam N. Steinman, Supervising Attorney, Jeffrey E. Tsai, Student Counsel, Appellate Litigation Program, GEORGETOWN UNIVERSITY LAW CENTER, Wash-

ington, D.C., for Appellant. Walter C. Holton, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.

---

**OPINION**

WILKINS, Circuit Judge:

Roderick Tyronda Witherspoon appeals an order of the district court dismissing his motion to vacate his sentence, *see* 28 U.S.C.A. § 2255 (West Supp. 2000), in which he claimed that his attorney was ineffective for failing to file an appeal. We vacate the order and remand for further proceedings consistent with this opinion.

I.

Witherspoon is a federal prisoner who pled guilty to conspiracy to distribute cocaine and heroin. *See* 21 U.S.C.A. § 846 (West 1999). Witherspoon's presentence report (PSR) recommended that he be held accountable for the total amount of drugs distributed during the conspiracy and that his offense level be adjusted upward for his role in the offense. Witherspoon objected to the drug quantity calculation and the proposed adjustment for his role in the offense. He argued that his adjusted offense level should be no higher than 26, which, combined with his criminal history category of III, would have resulted in a guideline range of 78 to 97 months imprisonment. The district court overruled Witherspoon's objections and determined his adjusted offense level to be 33, with a resulting guideline range of 168 to 210 months imprisonment. The court sentenced Witherspoon to 168 months imprisonment and ordered that his federal sentence be served concurrently with a pending state sentence of 18 years imprisonment. Witherspoon did not appeal.

Approximately six years later, Witherspoon moved to vacate his sentence pursuant to 28 U.S.C.A. § 2255, alleging, as is pertinent here, that counsel was constitutionally ineffective for failing to appeal his sentence. Witherspoon submitted an affidavit stating that prior to sentencing he had discussed the PSR with counsel as well as objections that counsel had made to the PSR. Witherspoon's affidavit

stated that he informed counsel that "if the court did not go along with any of the objections" to the PSR, Witherspoon "would like [his] case reviewed by a higher court." J.A. 66.

The Government argued that Witherspoon's motion should be denied and dismissed.[1] In response to Witherspoon's affidavit, the Government submitted an affidavit from Witherspoon's counsel, which stated that "[a]t no time did petitioner direct the undersigned to file an appeal on his behalf" and that "[p]etitioner was advised of his right to file an appeal of his sentence and had he instructed the undersigned to file an appeal, one would have been filed on his behalf." J.A. 105-06. As is relevant here, the Government contended that counsel's counteraffidavit and Witherspoon's long delay in filing his motion eliminated any factual dispute that would require an evidentiary hearing.

In Witherspoon's subsequent reply, he maintained that an evidentiary hearing was necessary to determine whether he had indeed requested an appeal. Regarding his lengthy delay in pursuing the § 2255 motion, Witherspoon filed an affidavit alleging that during his incarceration in state prison he did not have access to any federal legal materials to research his case and that he filed his motion only three months after being transferred to a federal facility.

A magistrate judge recommended that Witherspoon's § 2255 motion be denied. The magistrate judge rejected Witherspoon's claim of ineffective assistance of counsel primarily on the ground that even if Witherspoon's affidavit were true, his instruction to appeal if the objections to the PSR were not sustained was inadequate because any request to appeal should have been made after sentencing. The magistrate judge also concluded that because Witherspoon failed to rebut his attorney's counteraffidavit with another affidavit of his own, he had failed to demonstrate the existence of a factual dispute regarding whether he requested an appeal, and therefore no evidentiary hearing was necessary. Witherspoon objected to the magistrate judge's rec-

---

[1]The Government initially moved for dismissal, contending that Witherspoon's motion was untimely. That motion was denied, however, and the Government was ordered to address the motion on its merits. The Government has not appealed that order.

ommendation, arguing, *inter alia*, that his request for appeal was not deficient by virtue of the fact that it was made before sentencing and again asserting that he was at least entitled to an evidentiary hearing. The district court overruled Witherspoon's objections and dismissed the § 2255 motion based on the magistrate judge's recommendation.

## II.

Witherspoon argues that the district court erred in dismissing his motion without holding an evidentiary hearing. Section 2255 of Title 28 provides in part that

> [u]nless the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, *grant a prompt hearing* thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C.A. § 2255 (emphasis added).[2] We decide de novo an issue of whether specific facts constitute ineffective assistance of counsel. *See Becton v. Barnett*, 920 F.2d 1190, 1192 (4th Cir. 1990). We conclude that the motion, files, and records here failed to conclusively show that Witherspoon was entitled to no relief and that the district court erred in dismissing his § 2255 motion.

In order to establish a Sixth Amendment violation based on counsel's failure to appeal, Witherspoon must prove that (1) counsel was ineffective and (2) but for counsel's ineffectiveness, an appeal would have been filed. *See Roe v. Flores-Ortega*, 120 S. Ct. 1029, 1034-38 (2000). An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective. *See id.* at 1035. When a client does not specifically instruct counsel to appeal, however, whether counsel has been ineffective by failing to appeal depends

---

[2]We note that 28 U.S.C.A. § 2255 provides that the court may hold a hearing on a § 2255 motion without the presence of the prisoner. Whether a prisoner's presence is required is left to the sound discretion of the district court. *See Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

upon "whether counsel in fact consulted with the defendant about an appeal." *Id.* In this context, "consult" "convey[s] a specific meaning—advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* If counsel has not consulted with his client, the court must then ask whether the failure to consult itself constitutes deficient performance. *See id.*; *see also id.* at 1036 (noting that counsel is not always constitutionally ineffective for failing to consult regarding an appeal). The Sixth Amendment requires counsel to consult with the defendant concerning whether to appeal when counsel has reason to believe "either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 1036. Although the *Roe* Court declined to adopt a per se rule that defense counsel who fails to consult with the defendant concerning an appeal is ineffective, the Court did state, "We expect that courts evaluating the reasonableness of counsel's performance using the inquiry we have described will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal."[3]  *Id.* at 1037.

We need not decide whether, taking the facts in Witherspoon's affidavit as true, Witherspoon's expression of a conditional desire to appeal rose to the level of an "instruction" to counsel because even assuming that it did not, the record still does not conclusively show that Witherspoon is entitled to no relief. According to Witherspoon's affidavit, Witherspoon and his counsel discussed specific objections to the presentence report and Witherspoon informed counsel that if the district court overruled his objections he wanted to appeal. In his

---

[3]The Court gave an example of when failing to file an appeal without consulting might not be constitutionally deficient:

> a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal.

*Id.* at 1036.

affidavit, counsel did not directly deny being told of Witherspoon's desire to appeal his sentence if his objections were overruled, but stated only that Witherspoon never "direct[ed]" or "instructed" him to appeal. J.A. 105-06. Nor did counsel allege that he had any discussion with Witherspoon concerning whether to appeal after the sentence was imposed.[4] If it is indeed true that Witherspoon expressed his intention to appeal if his objections were overruled and counsel decided not to file an appeal without having discussed the matter further with Witherspoon after he was sentenced, counsel's performance clearly was constitutionally deficient. *See Roe*, 120 S. Ct. at 1035-37.

Nor does the record conclusively demonstrate that Witherspoon would not have appealed had counsel consulted with him after he was sentenced. Indeed, the overruling by the district court of Witherspoon's objections to the PSR resulted in the application of a guideline range much higher than the one that would have applied had his objections been sustained. Accordingly, assuming that Witherspoon truly did express his intent to appeal if his objections were overruled, a fact finder could well determine that he would not have changed his mind after sentencing.[5]

For the reasons already mentioned, it is not clear from counsel's affidavit whether counsel disputes the facts alleged by Witherspoon. Because we conclude that those facts if true would entitle him to relief, we hold that the record does not conclusively demonstrate that

---

[4]Counsel's affidavit states that "[p]etitioner was advised of his right to file an appeal of his sentence and had he instructed the undersigned to file an appeal, one would have been filed." J.A. 105-06. However, the affidavit does not state whether it was counsel or the district court who advised Witherspoon of his right to appeal. And, even had the affidavit stated that it was counsel that gave the advice, it does not state whether the advice was given before or after sentencing.

[5]The Government points out that Witherspoon benefitted from the decision of the district court to order his federal sentence to be served concurrently with his state sentence and argues that Witherspoon could have decided not to appeal as a result. The receipt of that benefit, however, does not conclusively demonstrate that Witherspoon would not have reiterated his request to appeal had counsel discussed the matter with him after sentencing.

Witherspoon was entitled to no relief. We therefore hold that the district court erred in dismissing Witherspoon's motion without holding an evidentiary hearing.[6] Accordingly, we vacate the order dismissing Witherspoon's § 2255 motion and remand for further proceedings consistent with this opinion. *See Becton*, 920 F.2d at 1195-96.

*VACATED AND REMANDED*

---

[6]We note that *Roe* was decided after the magistrate judge made his recommendation and the district court dismissed Witherspoon's motion.