**John David MICHAEL**

v.

**UNITED STATES of America.**

**No. CIV. AW–00–1230.**

United States District Court, D. Maryland.

April 4, 2001.

---

John David Michael, Cumberland, MD, pro se.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

Presently before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Government has filed a Response to Petitioner's Motion to Vacate Sentence. Subsequently, Petitioner submitted a Reply to the Government's Response. The Court has reviewed the entire record, including the criminal proceedings as well as the pleadings and record with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D.Md.). For the reasons set forth below, the Court will deny Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

### Background

On September 18, 1997, a jury convicted Petitioner of various charges stemming from the operation of a bookmaking business by Petitioner and others in violation of federal law. Petitioner was sentenced to 87 months imprisonment. The Fourth Circuit affirmed Petitioner's conviction and sentence. Subsequently, Petitioner filed a motion with the Court requesting that the sentence imposed be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255. As the basis for this request, Petitioner claims that his trial attorney, Mr. Glaser (hereinafter, "counsel"), provided ineffective assistance of counsel in violation of Petitioner's Sixth Amendment right to effective representation. Petitioner sets forth five separate claims of ineffective assistance: (1) failure to object to the jury pool; (2) improper admission of Petitioner's guilt as to the gambling charges during opening and closing statements; (3)incompetent and unprepared cross-examination of government witnesses; (4) incompetent advice regarding the possibility of a plea bargain; and (5) "remaining deficiencies" including failure to investigate the government's case and prepare for trial, failure to consult with Petitioner, failure to object to jury instructions, and failure to address all the issues in the trial during closing argument.

### Discussion

In order to prevail on his claim of ineffective assistance of counsel, Petitioner must demonstrate (1) that his counsel's representation fell below an objective standard of reasonableness (the performance component), and (2) that there is a reasonable probability that, but for counsel's ineffectiveness, the result of the case or his fate would have been different (the prejudice component). *Strickland v. Washington,* 466 U.S. 668, 669, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Unless a defendant makes both showings, it cannot be said that the conviction...resulted from a breakdown in the adversary pro-

cess that renders the result unreliable." *Id.* at 687, 104 S.Ct. 2052. "Judicial scrutiny of counsel's performance must be highly deferential...A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052.

■ Claims of ineffective assistance of counsel are mixed questions of law and fact and are therefore subject to *de novo* review. *Strickland,* 466 U.S. at 698, 104 S.Ct. 2052; *Becton v. Barnett,* 920 F.2d 1190 (4th Cir.1990); *United States v. Witherspoon,* 231 F.3d 923 (4th Cir.2000).

### 1. *Failure to Object to Jury Pool*

■ Petitioner first asserts that his counsel was ineffective because he "unreasonably consented to picking the jury and alternates from an atypical and inadequate number of 51 prospective jurors." (Pet'r['s] Mot. at 3). Aside from his own "logical" interpretation, Petitioner offers no evidence to support his claim that a larger number of potential jurors would have resulted in a less "unyielding, inflexible, and undiverse group of factfinders." *Id.* Thus, applying the prejudice component of the *Strickland* test, the Court finds that Petitioner has failed to show that there is any reasonable probability that the outcome of the case would have been different, had counsel objected to the jury pool. Petitioner, therefore, has not shown that he was sufficiently prejudiced by counsel's action, or, in this instance, lack thereof. Having made this determination, the Court finds it unnecessary to consider the performance component of the *Strickland* test. "There is no reason for a court deciding an ineffective assistance claim...to address both components of the inquiry if the defendant makes an insufficient showing on one...If it is easier to dispose of [the] claim on the ground of lack

of sufficient prejudice,...that course should be followed." *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052. As a result, the Court concludes Petitioner's claim that counsel provided ineffective assistance by failing to object to the jury pool must fail.

### 2. *Admission of Petitioner's Guilt During Opening and Closing Statements*

■ Next, Petitioner argues that his counsel, by conceding to Petitioner's guilt as to the gambling charges in his opening and closing statements, was ineffective. Petitioner claims that this "unreasonable move by Glaser resulted in a breakdown of the adversarial process and denied the Petitioner his constitutional right to counsel." (Pet'r['s] Reply to Gov't['s] Resp. at 4). Once again, however, Petitioner has failed to provide any factual support for this claim.

■ When analyzing a claim under the performance component of the *Strickland* test, "counsel is strongly presumed to have...made all decisions in the exercise of reasonable professional judgment." *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052. Consequently, in order to prevail in an ineffectiveness of counsel claim, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, 104 S.Ct. 2052. To overcome this presumption, Petitioner must do more than simply assert that "[t]here is absolutely no strategic purpose for defense counsel's admission" of Petitioner's guilt. (Pet'r['s] Mot. at 4). Having provided no evidence to support this allegation, it is clear that Petitioner has failed to satisfy his burden.

In his affidavit, counsel for Petitioner states that, "Due to the overwhelming evidence of Mr. Michael's involvement in gambling, it was my view that Mr. Michael had to admit the gambling conduct in or-

der to maintain credibility with the jury." Aff. ¶ 2d. This affidavit clearly indicates that counsel reviewed all of the evidence against Petitioner and, based on his knowledge and experience, made a strategic decision to concede Petitioner's guilt to the jury.

The Fourth Circuit has held that a counsel's strategic decision to concede his client's guilt in order to maintain credibility with the jury is reasonable under the performance prong of the *Strickland* test. See *Clozza v. Murray*, 913 F.2d 1092, 1099 (4th Cir.1990) ("The strategy to maintain credibility with the jury was reasonable...Given that these remarks were largely attributable to trial strategy, we cannot, in keeping with *Strickland*, second-guess counsel's tactical choices."); *Bell v. Evatt*, 72 F.3d 421, 428 (4th Cir.1995) ("It was important for the defense to retain some credibility...the decision to concede his guilt was a rational one..."). In accordance with this precedent, the Court concludes that counsel's strategic decision to concede to Petitioner's guilt as to the gambling charge fell within the bounds of an objective standard of reasonableness. Having determined that counsel's actions were reasonable, the Court finds it unnecessary to apply the prejudice prong of the *Strickland* test.

### 3. *Incompetent and Unprepared Cross-Examination*

Petitioner also claims that counsel's incompetent and unprepared cross-examination qualified as ineffective assistance of counsel. Petitioner attempts to establish prejudice by declaring that counsel's "deficient performance in this specific area created so many serious errors of commission and omission that but for said unprofessional conduct the result of the trial would have been different." (Pet'r['s] Mot. at 6). However, as previously stated,

such bald allegations of ineffectiveness without factual support are not enough to overcome the presumption that counsel's actions were part of competent legal strategy. This argument, as well as most, if not all of Petitioner's claims, essentially relates to what he believes counsel should have done during trial in order to have been effective. "Standing alone, unsuccessful trial tactics neither constitute prejudice nor definitively prove ineffective assistance of counsel." *Bell*, 72 F.3d at 429. Although Petitioner goes to great lengths to reproduce portions of counsel's cross-examination during which Petitioner believes counsel's performance was deficient, Petitioner once again fails to show how his fate would have been different had counsel conducted his cross-examination in a different manner. Thus, Petitioner was not prejudiced by counsel's manner of cross-examination.

In addition, the government argues that because the purpose of counsel's cross-examination style was "to rebut misleading inferences raised during direct examination and to directly challenge the testimony of cooperating witnesses that were devastating to Michael," it was strategic in nature. (Gov't['s] Resp. to Pet'r['s] Mot. at 13). Having reviewed the entire record, the Court agrees. Counsel was faced with a number of government witnesses who offered testimony that was very detrimental to Petitioner. Given the opportunity to discredit these witnesses on cross-examination, it was reasonable for counsel to utilize competent trial strategies to do so. Petitioner has introduced no evidence, other than his opinion, to dispute this. Therefore, having already established that counsel's actions are presumed to be sound trial strategy, the Court also finds that counsel's chosen method of cross-examination was within the objective standard of reasonableness.

### 4. Incompetent Advice Regarding Possible Plea Agreement

Additionally, Petitioner argues that counsel was ineffective because he failed to properly advise him about the possibility of entering into a plea agreement with the Government. In an attempt to satisfy the prejudice component of *Strickland,* Petitioner claims that if counsel had "sufficiently conveyed the true benefit of entering a plea in this matter and acted in conformance with prevailing professional standards, [Petitioner] would have taken a plea to the indictment." (Pet'r['s] Reply to Gov't['s] Resp. at 20–1). Thus, Petitioner contends, in failing to fully advise him about a plea, counsel's actions were the "but for" cause of Petitioner deciding not to enter into a plea agreement.

When examining an ineffective assistance claim arising out of the plea process, the slightly modified issue under the prejudice component of the *Strickland* test is "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). That is, Petitioner must show that there is "a reasonable probability that, but for counsel's errors," he would have pled guilty and received a lesser sentence. *Id.*

The Court finds the Fourth Circuit's decision in *Fields v. Attorney General of the State of Md.,* 956 F.2d 1290, 1297 (4th Cir.1992) instructive in addressing this issue. In *Fields,* the petitioner claimed that if counsel had properly advised him regarding acceptance of a plea offer, he would have pled to a different plea bargain and received a lighter sentence. In refusing to find that there was a reasonable probability that the outcome would have been different but for counsel's action, the court noted that the record did not establish, and the petitioner had not offered,

anything more than a *"post hoc* 'bald assertion'...that [he] would have consummated the earlier plea agreements even if [counsel's performance had been effective]...to prove that he would have accepted the arraignment plea offers." *Id.* at 1298. Similarly, in this case Petitioner has not offered, nor does the record provide, anything more than his mere assertion that he would have pled guilty and received a lighter sentence if counsel had effectively advised him. Without more, however, Petitioner fails to establish that there is a reasonable probability that he was prejudiced by counsel's advice regarding pleas. Having reached this determination, the Court finds a performance inquiry to be unnecessary.

### 5. "Remaining Deficiencies" During Trial

Finally, Petitioner asserts that counsel was ineffective in a number of other ways including his failure to investigate the government's case and prepare for trial, failure to consult with Petitioner, failure to object to jury instructions, and failure to address all the issues in the trial during closing argument.

Petitioner claims that counsel "neither comprehended nor grasped the huge amount of evidence gathered by the government to bury [Petitioner]." (Pet'r['s] Mot. at 21). Petitioner's subjective opinion as to whether counsel appreciated the magnitude of the evidence against him is irrelevant under an objective standard of reasonableness. The Court has already determined that the record indicates that counsel was very aware of the overwhelming evidence against Petitioner and in fact made strategic decisions based on this knowledge. The Court is satisfied that counsel's understanding of the extent of the government's evidence came about as a result of his full investigation and

preparation for trial. In the absence of evidence to the contrary, the Court finds that counsel's actions were reasonable.

■ Petitioner also claims that counsel failed to discuss the issues facing him at trial and the possible strategies to be used to dispute the gambling and money-laundering evidence that the government had against him. Yet, in his affidavit, counsel clearly states that he "had numerous meetings with [Petitioner] regarding the evidence against him, potential defenses and potential witnesses." Aff. ¶ 2a. Petitioner again has offered no evidence to dispute this. Instead, Petitioner simply asserts that he was unsatisfied with the "muted silence or no return calls" that resulted from calls he placed to counsel's office prior to trial. The fact that counsel did not return Petitioner's calls as quickly as he would have liked or did not respond in a way that was satisfactory to Petitioner is not enough to prove that counsel's performance was unreasonable.

■ In addition, Petitioner contends that counsel's failure to object to the trial court's lack of ' instruction based on the Fourth Circuit's decision in *United States v. Gresko*, 632 F.2d 1128 (4th Cir.1980). Petitioner claims that if counsel had objected, "it is quite possible that the Fourth Circuit...would have discovered that the government's witnesses did not offer sufficient evidence that [Petitioner] was involved with more than 5 people in the gambling operation for a continuous period of 30 days." (Pet'r['s] Mot. at 22). Petitioner overlooks the fact that the Fourth Circuit did in fact consider and ultimately dismissed any such possibility. See *United States v. Nicolaou*, 180 F.3d 565 (4th Cir.1999). The Fourth Circuit determined that Petitioner and his co-defendants had failed to satisfy their burden of showing that the jury misinstruction affected the outcome of the proceedings. That is, Peti-

tioner failed to show "that the proper instruction, on the same evidence, would have resulted in acquittal, or at the very least a hung jury." *Id.* at 570. In reaching this conclusion, the court noted that "the government presented evidence at trial that [Petitioner's] illegal gambling business involved more than a dozen people and was in operation at the very least for the three-year period between October 1992 and November 1995." *Id.* It is clear, therefore, that Petitioner has failed to prove that he was prejudiced by counsel's failure to object to the trial court's jury misinstruction.

■ Lastly, Petitioner claims that during his closing argument, counsel failed to address all of the issues that developed during the course of the trial, including that counsel "spoke very little on the government's unshifting burden of proof beyond a reasonable doubt." (Pet'r['s] Mot. at 23). Again, Petitioner has presented no evidence that would allow him to overcome the presumption that counsel's performance was "sound trial strategy." In fact, counsel states specifically that his "legal strategy was to contest that the elements of those charges had not been proven beyond a reasonable doubt by the government." Aff. ¶ 2d. Petitioner has failed to satisfy his burden and as a result, the Court cannot conclude that the techniques counsel employed during his closing argument were unreasonable.

Thus, viewing the evidence in a light most favorable to the government, Petitioner has failed to satisfy both prongs of the *Strickland* test on any of these "remaining deficiencies" claims. Since "[f]ailure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim," the Court concludes that Petitioner's final claim must also fail. *Strickland*, 466 U.S. at 700, 104 S.Ct. 2052.

### Conclusion

The Court finds that Petitioner has failed to sufficiently demonstrate that counsel's assistance resulted in a breakdown in the adversarial process such that it renders Petitioner's sentence unreliable. Furthermore, Petitioner's sentencing proceeding was not fundamentally unfair. As a result, the Court finds that Petitioner was not denied his Sixth Amendment right to effective representation by counsel.

Based on the above findings, the Court denies Petitioner's motion to vacate sentence pursuant to 28 U.S.C. § 2255 as to each of his ineffective assistance of counsel claims.