**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

JOHN A. RIDDICK,

*Petitioner-Appellant,*

v.

RONALD J. ANGELONE, Director of
the Virginia Department of
Corrections,

*Respondent-Appellee.*

No. 01-7109

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CA-00-622-2)

Submitted: October 31, 2001

Decided: November 19, 2001

Before WIDENER, WILLIAMS, and KING, Circuit Judges.

Dismissed in part, vacated in part, and remanded by unpublished per
curiam opinion.

## COUNSEL

John A. Riddick, Appellant Pro Se. Thomas Drummond Bagwell,
Assistant Attorney General, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

John Addison Riddick appeals from the district court's order adopt-
ing the magistrate judge's recommendation and denying relief on his
28 U.S.C.A. § 2254 (West 1994 & Supp. 2001) petition. For the rea-
sons discussed below, we deny a certificate of appealability and dis-
miss in part, and grant a certificate of appealability, vacate in part,
and remand.

Following a guilty plea in Virginia state court to one count of credit
card theft and one count of credit card fraud, Riddick was sentenced
to a total of fifteen years in prison. Riddick did not file a direct crimi-
nal appeal, and his state habeas corpus petition was unsuccessful. He
then filed this § 2254 petition alleging several grounds of ineffective
assistance of counsel. The district court denied relief on all his claims.

This court reviews de novo a district court's denial of a petition for
a writ of habeas corpus. *Ashe v. Styles*, 67 F.3d 46, 50 (4th Cir. 1995).
Relief may be granted under § 2254 only if the state court's decision
is contrary to, or an unreasonable application of, clearly established
federal law as determined by the Supreme Court of the United States.
28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412-13
(2000). A state court's factual findings are presumed correct unless
the applicant presents clear and convincing evidence to the contrary.
§ 2254(e)(1).

One of the issues Riddick raised in his § 2254 petition, signed
under penalty of perjury, alleged that he was denied effective assis-
tance of counsel because he asked counsel to seek reconsideration of
his sentence and counsel did not comply. It is not clear from Ridd-
ick's pleadings whether he claims he asked counsel merely to seek
reconsideration of his sentence in the trial court, pursuant to Va. S.
Ct. R. 1:1, or whether he also asserts that he asked counsel to file a

direct criminal appeal. The district court did not resolve this matter. Relying on an affidavit from Riddick's trial lawyer, in which she declares that he never asked her to appeal, the district court rejected Riddick's claim.

Riddick's verified petition is the equivalent of an affidavit. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). If his petition is construed as alleging that counsel did not comply with his request to file an appeal, then it squarely conflicts with his trial lawyer's affidavit and the district court improperly relied upon counsel's affidavit in denying Riddick's claim. *Gray v. Spillman*, 925 F.2d 90, 95 (4th Cir. 1991); *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979). To the extent that Riddick's petition alleges that counsel did not comply with his request to seek reconsideration of his sentence in the trial court, it is not contradicted by counsel's affidavit. Thus, the district court still must address whether such an omission amounts to ineffective assistance of counsel. *Cf. United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000) (declining to address merits of underlying ineffective assistance of counsel claim in 28 U.S.C.A. § 2255 (West Supp. 2001) action where district court improperly made credibility determination based upon conflicting affidavits).

We therefore grant a certificate of appealability, vacate the portion of the district court's order concerning Riddick's claim that counsel did not comply with his request to pursue reconsideration or an appeal, whichever is meant, and remand for further proceedings consistent with this opinion. Regarding the remainder of Riddick's claims, we have reviewed the record and the district court's opinion accepting the magistrate judge's recommendation and find no reversible error. Consequently, we deny a certificate of appealability, and dismiss these claims on the reasoning of the district court. *Riddick v. Angelone*, No. CA-00-622-2 (E.D. Va. filed June 25, 2001; entered June 26, 2001). We deny Riddick's motion for discovery and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART, VACATED IN PART, AND REMANDED*