**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-4092**

_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

FRANCISCO ALBERTO LOZANO-TORRES,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern
District of West Virginia, at Parkersburg.  Joseph Robert Goodwin,
District Judge.  (CR-00-262-2)

_____

Submitted:  June 19, 2003            Decided:  June 24, 2003

_____

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Jane Moran, JANE MORAN LAW OFFICES, Williamson, West Virginia, for
Appellant. Kasey Warner, United States Attorney, Miller A. Bushong,
III, Assistant United States Attorney, Huntington, West Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Francisco Lozano-Torres pled guilty to conspiracy to commit money laundering, 18 U.S.C.A. § 1956(h) (West Supp. 2003), and was sentenced to a term of 109 months imprisonment.  He appeals his sentence,[*] contending that the district court erred in applying a base offense level of 23 under U.S. Sentencing Guidelines Manual § 2S1.1(a)(1) (2000), and in finding that he was a leader in the offense.  USSG § 3B1.1(a).  Lozano-Torres also maintains that his attorney was ineffective in failing to object to the base offense level or the role adjustment in the district court.  We affirm.

Because Lozano-Torres made no objection to the guideline calculation at sentencing, we review his sentencing claims for plain error.  United States v. Olano, 507 U.S. 725, 732-37 (1993).  Lozano-Torres argues that no factual evidence supported the government's estimate that his offense involved twenty pounds of methamphetamine and that the district court failed to inquire into the degree and duration of his involvement.  We note that a base offense level of 23 applies whenever the defendant is convicted under 18 U.S.C. § 1956(a)(1)(A), as Lozano-Torres was.  Therefore, no error occurred in this respect.

---

[*] Lozano-Torres filed a 28 U.S.C. § 2255 (2000) motion alleging that, despite his request, his counsel failed to note an appeal.  The district court vacated the judgment and reinstated it so that Lozano-Torres could file a timely notice of appeal. See United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000); United States v. Peak, 992 F.2d 39, 41-42 (4th Cir. 1993).

Further, our review of the materials submitted on appeal leads us to conclude that there was evidence to support the government's estimate that the conspiracy involved at least twenty pounds of methamphetamine, that the laundered funds totaled approximately $130,000, and that Lozano-Torres, as the supplier of methamphetamine to the other conspirators, was a leader in the offense. Consequently, the district court did not plainly err in accepting the guideline calculation recommended in the presentence report.

Because the record does not conclusively demonstrate that Lozano-Torres's attorney was ineffective in failing to contest the sentence report on the grounds alleged here, his claim of ineffective assistance is not properly raised on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (claims of ineffective assistance of counsel generally are not cognizable on direct appeal unless the record conclusively shows ineffective assistance).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED