**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-7243

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FREDDY RAMIREZ,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., District Judge. (CR-00-330; CA-03-130)

Submitted: November 10, 2004      Decided: January 27, 2005

Before LUTTIG, KING, and GREGORY, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Freddy Ramirez, Appellant Pro Se. Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Freddy Ramirez appeals the district court's order denying relief on his motion filed under 28 U.S.C. § 2255 (2000), in which he claimed that counsel provided ineffective assistance by failing to give adequate pretrial advice and to communicate a plea offer. We previously granted Ramirez a certificate of appealability on these issues. In the same order, we denied a certificate of appealability and dismissed Ramirez's appeal with respect to all other issues. For the reasons that follow, we vacate the district court's order as to the issues on which we granted a certificate of appealability and remand for further proceedings.

I.

In his § 2255 motion, Ramirez asserted that trial counsel provided ineffective assistance by failing to give pretrial advice about whether to plead guilty or to proceed to trial and by failing to disclose a ten-year plea offer from the Government. In its unverified response, the Government contended that Ramirez's counsel provided competent pretrial advice and that the record did not support Ramirez's claim that a plea offer was made. The Government did not provide any affidavits to support its assertions.

The district court rejected Ramirez's claim that counsel failed to provide adequate pretrial advice. The court found that

- 2 -

the presentence report attributed 367.8 kilograms of cocaine to Ramirez and that the indictment informed Ramirez that he could be convicted of offenses involving more than five kilograms of cocaine. Next, the court found that the transcript of the sentencing hearing belied Ramirez's claim that counsel failed to advise him about the benefits of pleading guilty versus going to trial. The district court also concluded that Ramirez's claim that counsel failed to communicate a plea offer was meritless because it was based on an unsupported assumption that the Government had made such an offer.

II.

On appeal, Ramirez contends that the district court erred in rejecting his ineffective assistance of counsel claims without an evidentiary hearing. The Government disagrees, noting that the record demonstrates that Ramirez is not entitled to relief on his claims.

Generally, an evidentiary hearing is required under 28 U.S.C. § 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief. United States v. Witherspoon, 231 F.3d 923, 925-26 (4th Cir. 2000); Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). Whether an evidentiary hearing is necessary is best left to the sound discretion of the district court judge. Raines, 423 F.2d at 530. However, when a

movant presents a colorable Sixth Amendment claim showing disputed facts involving inconsistencies beyond the record, a hearing is mandated. See United States v. Magini, 973 F.2d 261, 264 (4th Cir. 1992); Raines, 423 F.2d at 530 ("There will remain . . . a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court.").

Here, in finding that counsel gave adequate pretrial advice and that no plea offer was made, the district court ignored Ramirez's sworn statements and instead accepted the Government's unverified assertions. Because resolution of these ineffective assistance of counsel claims turns on a credibility determination, we vacate this portion of the district court's order and remand for further proceedings. Raines, 423 F.2d at 530 ("When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive[.]"). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED