**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-6300**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID WAYNE STOUT,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-02-202; CA-04-374-1)

---

Submitted:  February 3, 2006          Decided:  March 6, 2006

---

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

David Wayne Stout, Appellant Pro Se. Randall Stuart Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

David Wayne Stout appeals from the district court's order adopting the report and recommendation of the magistrate judge and denying Stout's 28 U.S.C. § 2255 (2000) motion. We previously granted a certificate of appealability on Stout's claim that he received ineffective assistance of counsel when his attorney failed to advise him regarding the admissibility of certain audiotapes. The parties have now filed additional briefs.[*] We vacate and remand to the district court for further proceedings.

In his sworn statements in district court, Stout, who was convicted after a jury trial of conspiracy to possess with intent to distribute marijuana, asserted that he accompanied his attorney to the Government's office to listen to the audiotapes in question prior to trial. The audiotapes contained conversations between Stout and his co-conspirators. Stout was of the opinion that the audiotapes were not admissible because there was no court order and he did not consent to the recording. He informed his attorney about his analysis, and his attorney did not correct his conclusions. Based on his belief that the tapes were inadmissible,

---

[*]In his filings following our grant of a certificate of appealability, Stout attempts to expand the issue on appeal to add claims that his attorney actively tried to engineer a guilty plea by failing to investigate the tapes and that the Government improperly edited the tapes at trial. Because no certificate of appealability has been granted with regard to these issues, we are without jurisdiction to consider them. See 28 U.S.C. § 2253 (2000).

Stout decided to reject the Government's plea offer and go to trial. He then fired his attorney and obtained new counsel. The tapes, which were allegedly clearly admissible, were admitted at trial without objection. Stout asserted that, had his attorney properly advised him regarding the admissibility of the tapes, he would have pled guilty, because he "would have been insane to proceed to trial knowing this evidence could have been used against him."

The Government filed a response in district court and attached an affidavit from Stout's trial counsel. Counsel asserted that he advised Stout about the admissibility of the tapes. The magistrate judge issued a report, recommending denying Stout's § 2255 motion. Specifically, the magistrate judge found that, even assuming that counsel unreasonably failed to advise Stout regarding the admissibility of the tapes, Stout did not show why he did not plead guilty once he discovered that the tapes were admissible.

Stout objected, asserting that his attorney never answered his question as to the admissibility of the tape recordings, and that, after he replaced his attorney and discovered that the audiotapes were admissible, the plea offer was removed from the table. The district court adopted the report and recommendation without discussion.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the

court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary in order to resolve the issue. See United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000); see also Gray v. Spillman, 925 F.2d 90, 95 (4th Cir. 1991) (holding that summary judgment may not be granted when there is opposing sworn testimony, even when one side's story is "hard to believe.").

In order to succeed on a claim of ineffective assistance, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the first prong of Strickland, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. To satisfy the second prong, the defendant must show that his attorney's errors altered the outcome of the proceeding. Id. at 694.

We find that Stout's assertions, if believed, state a colorable claim that he was denied effective assistance of counsel. The Government disputes the factual truth of Stout's story. Thus, the district court erred in resolving the factual disputes and

deciding the case without a hearing.  Accordingly, we vacate this portion of the district court's order and remand for further proceedings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED