**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-7766**

---

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

  versus

LUTHER MOORE,

          Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, District Judge.  (CR-03-399; CA-04-1233-1)

---

Submitted:  September 29, 2006   Decided:  October 26, 2006

---

Before NIEMEYER, MICHAEL, and DUNCAN, Circuit Judges.

---

Vacated in part, dismissed in part, and remanded by unpublished per curiam opinion.

---

Luther Moore, Appellant Pro Se. Mark Alex Grider, Jill M. Cassara, Randall Conner, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Luther Moore seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2000) motion. Deferring action on the remainder of the appeal, we granted a certificate of appealability on a single claim of ineffective assistance of counsel in which Moore alleged that he was denied the right to a direct appeal when counsel failed to comply with his request to file a notice of appeal. For the reasons that follow, we now vacate the district court's order to the extent that it denied relief on this claim and remand for further proceedings on this issue.

Moore pled guilty to conspiracy to distribute cocaine base, and was sentenced to eighty-seven months' imprisonment. He did not appeal. In his § 2255 motion, which was sworn and verified in compliance with 28 U.S.C. § 1746 (2000), Moore claimed that he requested his counsel to file a notice of appeal at the conclusion of his sentencing hearing. Moore's counsel, however, stated in an affidavit that Moore did not request an appeal until approximately nine months after sentencing.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. When a movant presents a

colorable Sixth Amendment claim showing disputed facts beyond the record and a credibility determination is necessary to resolve the issue, an evidentiary hearing in open court is required. See United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000). An attorney's failure to file a requested notice of appeal is per se ineffective assistance of counsel. See Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). In light of Moore's claim, under penalty of perjury, that counsel failed to honor his request to file an appeal, and counsel's conflicting affidavit denying that Moore timely asked him to note an appeal, we find that there is a genuine issue of material fact concerning whether Moore was denied effective assistance of counsel.

Accordingly, we vacate that portion of the district court's order denying relief on this claim and remand for further proceedings as to this issue.* After independently reviewing the record on Moore's remaining claims, we conclude Moore has not made the requisite showing and consequently deny a certificate of appealability and dismiss the appeal as to those claims.

---

*By this disposition, we indicate no view as to the appropriate outcome of the proceedings on remand.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED IN PART</u>,
<u>DISMISSED IN PART,</u>
<u>AND REMANDED</u>
