**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-7118**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RODRIKUS MARSHUN ROBINSON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:00-cr-00198-JAB; 1:05-cv-00572-JAB)

_____

Submitted:  August 3, 2007          Decided:  August 22, 2007

_____

Before WILLIAMS, Chief Judge, and KING and SHEDD, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Rodrikus Marshun Robinson, Appellant Pro Se.  Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodrikus Marshun Robinson appeals the district court's order denying relief on his motion filed under 28 U.S.C. § 2255 (2000), in which he claimed, among other things, that counsel provided ineffective assistance by failing to communicate a plea offer. We previously granted Robinson a certificate of appealability on this issue. In the same order, we denied a certificate of appealability and dismissed Robinson's appeal with respect to all other issues. For the reasons that follow, we vacate and remand for further proceedings.

Robinson asserts on appeal that counsel failed to communicate a plea offer, in which the Government agreed to withdraw its reliance on one prior felony controlled substance conviction. Robinson explicitly raised the failure-to-communicate claim for the first time in response to counsel's affidavit filed with the Government's response to his § 2255 motion and raised it again in his objections to the magistrate judge's recommendation. In its appellate brief, the Government notes that neither the magistrate judge nor the district court explicitly addressed Robinson's claim and requests a remand for the court to address that claim in the first instance.

Generally, an evidentiary hearing is required under 28 U.S.C. § 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief. <u>United States v.</u>

Witherspoon, 231 F.3d 923, 925-26 (4th Cir. 2000); Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). Whether an evidentiary hearing is necessary is best left to the sound discretion of the district court judge. Raines, 423 F.2d at 530. However, when a movant presents a colorable Sixth Amendment claim showing disputed facts involving inconsistencies beyond the record, a hearing is mandated. See United States v. Magini, 973 F.2d 261, 264 (4th Cir. 1992); Raines, 423 F.2d at 530 ("There will remain . . . a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court.").

Because resolution of Robinson's ineffective assistance of counsel claim was not addressed explicitly by the district court and turns on a credibility determination, we vacate the district court's order—to the extent it implicitly denied that claim—and remand for further proceedings. Raines, 423 F.2d at 530 ("When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive[.]"). We deny Robinson's motion to reconsider the denial of a certificate of appealability as to his other claims and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED