**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 11-6658**

—————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

TANESHA BANNISTER,

               Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (3:02-cr-00548-CMC-40; 3:10-cv-70277-CMC)

—————————

Submitted: February 17, 2012     Decided: February 23, 2012

—————————

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

—————————

Vacated and remanded by unpublished per curiam opinion.

—————————

Tanesha Bannister, Appellant Pro Se.  Beth Drake, Mark C. Moore, Jane Barrett Taylor, Assistant United States Attorneys, Columbia, South Carolina for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tanesha Bannister appeals the district court's order denying relief on her 28 U.S.C.A. § 2255 (West Supp. 2011) motion, in which she asserted that counsel provided ineffective assistance by failing to: (1) communicate a plea offer; (2) explain fully how relevant conduct and acceptance of responsibility would affect her case; and (3) explain fully the application of the 21 U.S.C. § 851 (2006) enhancement and how it would affect Bannister's statutory mandatory minimum sentence. We previously granted Bannister a certificate of appealability on these issues. For the reasons that follow, we vacate and remand for further proceedings.

Generally, an evidentiary hearing is required under § 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief. United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000); Raines v. United States, 423 F.2d 526, 529-30 (4th Cir. 1970). Whether an evidentiary hearing is necessary is best left to the sound discretion of the district court. Raines, 423 F.2d at 530. However, when a movant presents a colorable Sixth Amendment claim showing disputed facts involving inconsistencies beyond the record, a hearing is mandated. See United States v. Magini, 973 F.2d 261, 264 (4th Cir. 1992); see also Raines, 423 F.2d at 530 ("There will remain . . . a category of petitions, usually

2

involving credibility, that will require an evidentiary hearing in open court.").

Because whether counsel's performance fell below an objective standard of reasonableness turns on credibility determinations, and since it is not apparent, given the current state of the record, that Bannister suffered no prejudice if counsel's performance was deficient, we vacate the district court's order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED