**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-6176**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARVIN SUNTATE MOBLEY,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:09-cr-00189-RJC-DCK-3; 3:13-cv-00571-RJC)

———————

Submitted: February 24, 2017        Decided: March 2, 2017

———————

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Vacated in part and remanded with instructions; dismissed in part by unpublished per curiam opinion.

———————

Marvin Suntate Mobley, Appellant Pro Se. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Suntate Mobley, a federal prisoner, filed a 28 U.S.C. § 2255 (2012) motion, contending, among other claims, that trial counsel rendered ineffective assistance in various ways prior to his jury trial. Mobley has noted an appeal from the district court's order denying relief on his § 2255 motion. On November 4, 2016, we granted Mobley a certificate of appealability as to the following issues: (1) whether defense counsel rendered ineffective assistance in advising Mobley that, if he went to trial and was convicted, a mandatory life sentence could not be imposed because his 1997 South Carolina state conviction under the Youthful Offender Act could not be used to support an enhanced sentence; and (2) whether defense counsel rendered ineffective assistance in failing to explain to Mobley prior to trial that the Government could use evidence in the Fed. R. Evid. 404(b) notice against him at trial. We also denied a certificate of appealability as to all remaining issues and directed the Government to file a response addressing the issues upon which the certificate of appealability was granted.

In response, the Government filed a motion to remand in which it requests that this court remand for an evidentiary hearing as to the two issues upon which the certificate of appealability was granted. Mobley joins in the Government's

2

motion to remand. He also has filed a motion for leave to supplement and a supplement to his § 2255 motion.

In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary to resolve the issue. See United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000); see also Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970). This court reviews a district court's refusal to conduct an evidentiary hearing for an abuse of discretion. Conaway v. Polk, 453 F.3d 567, 582 (4th Cir. 2006).

Our review of the record — including the affidavits proffered by Mobley and by defense counsel — and the parties' submissions on appeal convinces us that the district court abused its discretion in denying relief on Mobley's ineffective assistance claims that were the subject of the November 4 order without holding an evidentiary hearing. Accordingly, we vacate in part the district court's denial of relief on Mobley's § 2255 motion, grant the Government's motion to remand, and remand with

3

instructions to grant Mobley an evidentiary hearing on his claims that trial counsel rendered ineffective assistance in advising Mobley that, if he went to trial and was convicted, a mandatory life sentence could not be imposed because his 1997 South Carolina state conviction under the Youthful Offender Act could not be used to support an enhanced sentence and failing to explain to Mobley prior to trial that the Government could use evidence in the Rule 404(b) notice against him at trial.

Affording Mobley's motion for leave to supplement and supplement liberal construction in light of his pro se status, see In re Under Seal, 749 F.3d 276, 290 (4th Cir. 2014), we construe the motion and supplement as a motion to expand the certificate of appealability granted by this court. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable

4

claim of the denial of a constitutional right.  <u>Slack</u>, 529 U.S. at 484-85.  We conclude that Mobley fails to make the requisite showing.

Accordingly, we deny Mobley's motion to expand the certificate of appealability and dismiss the appeal in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED IN PART AND REMANDED WITH INSTRUCTIONS</u>;
<u>DISMISSED IN PART</u>