**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6617**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

LAMAR KEITH GARVIN,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:13-cr-00141-JAG-1; 3:16-cv-00073-JAG)

Submitted: January 19, 2021                Decided: February 9, 2021

Before FLOYD and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, dismissed in part, vacated and remanded in part by unpublished per curiam opinion.

Lamar Keith Garvin, Appellant Pro Se. Aidan Taft Grano, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamar Keith Garvin appeals from the district court's order denying his 28 U.S.C. § 2255 motion. We previously granted a certificate of appealability on the following issues: (1) whether the district court erred in rejecting, absent an evidentiary hearing, Garvin's claims that his counsel was ineffective in failing to (a) investigate and advise him of a defense to his 18 U.S.C. § 924(c) charges under *Rosemond v. United States*, 572 U.S. 65 (2014); and (b) advise Garvin that he could plead guilty to some counts and proceed to trial on other counts; and (2) whether Garvin's § 924(c) conviction predicated on attempted Hobbs Act robbery remains valid after *Johnson v. United States*, 135 S. Ct. 2551 (2015). After further briefing, we affirm the district court's order rejecting the two listed ineffective assistance of counsel claims, vacate the § 924(c) conviction challenged under *Johnson* and remand for resentencing, and dismiss the remainder of the appeal.

Garvin alleges that the district court erred in denying the above-mentioned ineffective assistance claims without first conducting an evidentiary hearing. To succeed on his ineffective assistance claims, however, Garvin was required to show that (1) counsel's performance was constitutionally deficient and (2) such deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To satisfy the performance prong, Garvin had to demonstrate that counsel's performance fell below an objective standard of reasonableness under "prevailing professional norms." *Id.* at 688. In assessing counsel's conduct, a district court must evaluate it "from counsel's perspective at the time" and apply "a strong presumption that counsel's representation was within the wide range of reasonable professional assistance

2

in order to eliminate the distorting effects of hindsight." *Christian v. Ballard*, 792 F.3d 427, 443 (4th Cir. 2015) (internal quotation marks and citations omitted). "In all cases, the [movant's] burden is to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* (internal quotation marks omitted).

To satisfy the prejudice prong, Garvin was required to demonstrate that "there is a reasonable probability that, but for [trial] counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). Thus, an evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue. *United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000); *see Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970). Notably, Rule 8 of the Rules Governing § 2255 Proceedings instructs that, in determining whether to hold an evidentiary hearing before deciding a § 2255 motion, a district court "must review the answer, any transcripts and records of prior proceedings, and any materials submitted."

We have reviewed the record and considered the parties' arguments and conclude that the record contained ample evidence refuting the above-stated ineffective assistance

3

of counsel claims. Having discerned no abuse of discretion in the district court's decision to deny the claims based on the record before it, *see Conaway v. Polk*, 453 F.3d 567, 582 (4th Cir. 2006), we affirm the court's order, in part.

We nonetheless agree that Garvin's § 924(c) conviction premised on attempted Hobbs Act robbery is no longer valid. After the district court entered its order denying Garvin's § 2255 motion, we examined whether attempted Hobbs Act robbery constitutes a crime of violence under § 924(c)'s force clause. *See United States v. Taylor*, 979 F.3d 203, 207-10 (4th Cir. 2020). This court acknowledged its holding in *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019), that, "because the commission of Hobbs Act robbery requires, at a minimum, the threatened use of physical force, it categorically qualifies as a crime of violence under § 924(c)'s force clause." *Taylor*, 979 F.3d at 208 (internal quotation marks omitted); *see Mathis*, 932 F.3d at 266.

"However, a straightforward application of the categorical approach to attempted Hobbs Act robbery yield[ed] a different result." *Taylor*, 979 F.3d at 208. As we explained, the government may establish that the defendant attempted to commit "Hobbs Act robbery by proving that: (1) the defendant specifically intended to commit robbery by means of a threat to use physical force; and (2) the defendant took a substantial step corroborating that intent." *Id.* Because the defendant may commit this substantial step by such nonviolent means as "passing a threatening note to a store cashier" or "cas[ing] the store he intends to rob," we concluded that attempted Hobbs Act robbery is not categorically a crime of violence under § 924(c)'s force clause. *Id.* at 209. *Taylor* controls the outcome of Garvin's challenge to his § 924(c) conviction predicated on attempted Hobbs Act robbery and, thus,

4

we vacate that portion of the district court's order rejecting Garvin's *Johnson* challenge to the § 924(c) conviction predicated on attempted Hobbs Act robbery.

The remainder of the district court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). We have independently reviewed the record and conclude that Garvin has not made the requisite showing with regard to the remaining claims in his § 2255 motion and, thus, we deny a certificate of appealability as to these claims.

Based on the foregoing, we affirm, in part, as to the ineffective assistance of counsel issues on which we granted a partial certificate of appealability; dismiss, in part, as to the claims on which a certificate of appealability is unwarranted; and reverse the district court's denial of Garvin's motion to vacate, in part, as to Garvin's challenge to his § 924(c) conviction predicated on attempted Hobbs Act robbery. As to that § 924(c) conviction, we vacate the conviction and remand the matter for resentencing. *See Taylor*, 979 F.3d at 210; *see also United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017) (holding that, under

the sentencing package doctrine, "if some counts [of a multicount criminal judgment] are vacated, the judge should be free to review the efficacy of what remains in light of the original [sentencing] plan" (internal quotation marks omitted)).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART,*
*VACATED AND REMANDED IN PART*