**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-6093**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES DARRELL DALTON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Anderson.  G. Ross Anderson, Jr., District Judge.  (CR-02-236; CA-03-1411-6)

———————

Submitted:  April 27, 2005                  Decided:  May 17, 2005

———————

Before MICHAEL, KING, and SHEDD, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

James Darrell Dalton, Appellant Pro Se.  Kevin Frank McDonald, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Darrell Dalton appeals the district court's orders denying relief on his motion filed pursuant to 28 U.S.C. § 2255 (2000) and denying his motion for reconsideration. In the § 2255 motion, Dalton raised several claims, notably that counsel was ineffective for failing to file a notice of appeal from his conviction under 18 U.S.C. § 2252A(a)(5)(B) (2000). We previously entered an order granting Dalton a certificate of appealability on this issue. In the same order, we denied a certificate of appealability and dismissed Dalton's appeal with respect to all other claims. For the reasons that follow, we vacate the district court's order insofar as it denied relief on the notice of appeal issue and remand for an evidentiary hearing.

In his motion, Dalton contended that he asked his attorney, Richard Warder, to file a notice of appeal, but Warder refused. Warder filed an affidavit with the district court stating that, following Dalton's guilty plea, Dalton began collecting evidence that might support a Fed. R. Crim. P. 35(b) motion for reduction of sentence. Dalton spoke with Warder and others in Warder's office, as well as with an Assistant United States Attorney, about working with the Government in an effort to reduce his sentence. Warder stated that Dalton was aware that no meritorious grounds for appeal existed and that pursuing a Rule 35(b) motion likely would better serve him.

- 2 -

Dalton responded with a sworn declaration insisting that he informed Warder immediately after sentencing that he wished to appeal. Warder, however, refused to file an appeal because there were no grounds for appeal.

The district court found that Dalton's claim was unsupported by any evidence and contrary to the evidence of record, including Warder's affidavit and the affidavit of an FBI agent that corroborated Warder's version of events. Thus, the court made a credibility determination against Dalton.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. A hearing is required if a credibility determination is necessary in order to resolve an issue in a § 2255 motion. United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000); Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970). Failure of an attorney to file a requested notice of appeal from a criminal conviction is per se ineffective assistance of counsel. See Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

Because resolution of the ineffectiveness claim turns on credibility, we vacate and remand for further proceedings. We

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.  The motions for bail and to expand the certificate of appealability to include a claim under Blakely v. Washington, 124 S. Ct. 2531 (2004), are denied.

VACATED AND REMANDED