**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-6252**

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

JOHNNY ANDREAS SAVVA, JR.,

                                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.    Malcolm J. Howard, District Judge.  (CA-04-241; CR-02-280)

Submitted:  January 9, 2006        Decided:  February 7, 2006

Before NIEMEYER and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Johnny Andreas Savva, Jr., Appellant Pro Se.  Rudolf A. Renfer, Jr., Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Johnny Andreas Savva, Jr. appeals the district court's order denying relief on his motion filed under 28 U.S.C. § 2255 (2000), in which he claimed he received ineffective assistance of counsel because his attorney failed to appeal his criminal conviction as requested. We previously granted Savva a certificate of appealability on the issue of whether the district court erred by dismissing this claim without holding an evidentiary hearing. In the same order, we denied a certificate of appealability and dismissed Savva's appeal with respect to all other claims. For the reasons that follow, we vacate the district court's order insofar as it denied relief on Savva's claim that his counsel was ineffective because she failed to file a notice of appeal as requested and remand for an evidentiary hearing on that claim.

In his verified motion, Savva contended he was upset about enhancements he received at sentencing and requested that counsel file a notice of appeal when they met at the county jail. However, in an affidavit filed with the district court, counsel stated that Savva "indicated that he did not wish to appeal," and "[t]here was no discussion, no hesitation and no indecisiveness on his part." The district court noted counsel's representations and concluded, without an evidentiary hearing, that Savva's "bare allegations fail[ed] to show that counsel's representation fell below an objective standard of reasonableness in any respect."

Thus, the court apparently credited the version of events set forth in Savva's counsel's affidavit over the contrasting version of events described in Savva's verified complaint.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto."  28 U.S.C. § 2255.  A hearing is required when a movant presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary in order to resolve the issue.  See United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000); Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970).  Failure of an attorney to file a requested notice of appeal from a criminal conviction is per se ineffective assistance of counsel.  See Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

Because resolution of Savva's claim that counsel was ineffective for failing to file a notice of appeal as requested turns on credibility, we vacate and remand for further proceedings as to that claim.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*]By this disposition, we indicate no view as to the appropriate outcome of the proceedings on remand.

materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED