**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-6711**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

KENNETH MITCHELL,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Catherine C. Blake, District Judge. (1:03-cr-00351-CCB-4; 1:08-cv-01723-CCB)

———————

Submitted:  February 9, 2012        Decided:  June 22, 2012

———————

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

———————

Vacated in part and remanded by unpublished per curiam opinion.

———————

Kenneth Mitchell, Appellant Pro Se.  James G. Warwick, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Mitchell, a federal prisoner, filed a 28 U.S.C.A. § 2255 (West Supp. 2011) motion contending that, among other defects, his counsel provided ineffective assistance by failing to fully convey his plea options to him. Mitchell sought to appeal the district court's order dismissing his motion as well as the district court's refusal to hold a hearing on his motion. We granted Mitchell a certificate of appealability and received further briefing on the issue of counsel's alleged failure to fully convey Mitchell's plea options. We conclude that the district court's denial of a hearing was an abuse of its discretion. Therefore, we vacate in part and remand with instructions to grant Mitchell a hearing on his ineffective assistance of counsel claim.

The Government has confirmed that it offered two plea agreements to Mitchell: one that required Mitchell to cooperate and one that did not require Mitchell's cooperation. Mitchell claims that his counsel only communicated the offer with cooperation to him and told him that his options were to take the plea agreement or go to trial. Mitchell attempted to take the plea agreement, but his cooperation was deemed insufficient. Thus, Mitchell went to trial. A jury found him guilty of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (2006). Mitchell was

2

sentenced to 235 months in prison followed by five years of supervised release.

In an affidavit attached to his § 2255 motion, Mitchell swore that he would have foregone trial had his attorney properly advised him that he could have pleaded guilty without cooperation. The district court dismissed Mitchell's claim and found instead that Mitchell pursued cooperation with the advice of counsel, but apparently failed to provide sufficient cooperation. The court did not make the critical finding of whether Mitchell's counsel conveyed the Government's non-cooperation plea agreement to Mitchell.

The failure of counsel to communicate a plea offer may constitute ineffective assistance of counsel. See Jones v. Murray, 947 F.2d 1106, 1110-11 (4th Cir. 1991); see also United States v. Blaylock, 20 F.3d 1458, 1465-66 (9th Cir. 1994) (collecting cases). In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record and a credibility determination is necessary in order to resolve the issue. United States v.

3

Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000); see also Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970). We review a district court's refusal to conduct an evidentiary hearing for an abuse of discretion. Conaway v. Polk, 453 F.3d 567, 582 (4th Cir. 2006).

We can find nothing in the district court record to rebut Mitchell's claim that his attorney failed to advise him of the possibility of pleading guilty without cooperation. Nor is Mitchell's claim so "palpably incredible or patently frivolous" that summary dismissal was warranted. Because an evidentiary hearing was required in order to make the factual findings necessary to rule on Mitchell's § 2255 motion, the district court's failure to hold one was an abuse of its discretion.

Accordingly, we vacate in part the district court's dismissal of Mitchell's 28 U.S.C. § 2255 motion. We remand with instructions to grant Mitchell an evidentiary hearing on his claim that counsel failed to advise him of the Government's offer of a plea agreement without cooperation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED IN PART AND REMANDED

4