**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-6064**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

KENNETH MITCHELL,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Catherine C. Blake, District Judge.
(1:03-cr-00351-CCB-4; 1:08-cv-01723-CCB)

───────────

Submitted:  September 30, 2013      Decided:  October 3, 2013

───────────

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Michael Lawlor, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for
Appellant.   James G. Warwick, OFFICE OF THE UNITED STATES
ATTORNEY, Baltimore, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Mitchell, a federal prisoner, filed a 28 U.S.C.A. § 2255 (West Supp. 2013) motion contending, in relevant part, that his trial counsel was unconstitutionally ineffective in failing to fully convey to him his options to plead guilty. We granted a certificate of appealability on this claim and remanded his case to the district court for an evidentiary hearing. United States v. Mitchell, 484 F. App'x 744 (4th Cir. 2012) (No. 11-6711). On remand, the district court found that counsel had sufficiently informed Mitchell regarding his plea options, specifically an option to plead guilty without cooperation with the Government. Mitchell appeals for the second time.

To succeed on his ineffective assistance claim, Mitchell must show that: (1) counsel's failures fell below an objective standard of reasonableness, and (2) counsel's deficient performance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The Supreme Court recently addressed the standard for showing ineffective assistance during the plea bargaining stage in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012). In Lafler, the Supreme Court held that the Sixth Amendment right to counsel applies to the plea bargaining process, and prejudice occurs when, absent deficient advice, the

2

defendant would have accepted a plea that would have resulted in a less severe conviction, sentence, or both. Lafler, 132 S. Ct. at 1384-85. In Frye, the Supreme Court held that a component of the Sixth Amendment right to counsel in the plea bargaining context is that counsel has a duty to communicate any offers from the Government to his client. Frye, 132 S. Ct. at 1408. We review the district court's conclusions of law de novo and its findings of fact for clear error. United States v. Nicholson, 611 F.3d 191, 205 (4th Cir. 2010).

The gravamen of Mitchell's appeal is that the district court erred in concluding that his counsel communicated to Mitchell that, in addition to a plea agreement requiring cooperation, the Government had also offered a plea agreement without cooperation. Mitchell contends that, had he been presented with such an offer, he would have accepted it. After thoroughly reviewing the record and the transcript of the evidentiary hearing held on this specific issue, we find no reversible error in the district court's conclusion that Mitchell's counsel adequately conveyed to Mitchell his plea options, including the option to accept a plea agreement without further cooperation, and that counsel's representation was not deficient in this regard.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and

3

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED