**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4906**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

KEVIN NEVOYLE DICKERSON, a/k/a Hebe,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  G. Steven Agee, Circuit Judge, sitting by designation; Samuel G. Wilson, District Judge. (7:10-cr-00011-SGW-1)

Submitted:  May 31, 2011            Decided:  June 22, 2011

Before KING and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Fay F. Spence, Assistant Federal Public Defender, Roanoke, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Donald R. Wolthuis, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Nevoyle Dickerson pled guilty to conspiracy to distribute and possess with intent to distribute more than 1000 grams of heroin, in violation of 21 U.S.C. § 846 (2006), and attempt to distribute more than 100 grams of heroin, in violation of § 846. The court sentenced him as a career offender to 262 months' imprisonment. Dickerson argues that his sentence is procedurally unreasonable because the court (1) presumed the reasonableness of a within-Guidelines sentence, (2) failed to explain why it rejected his argument that his extraordinary cooperation warranted a greater than three-level sentence reduction, and (3) failed to explain why it rejected his arguments that the career offender Guidelines should not apply. Finding no error, we affirm.

In determining the procedural reasonableness of a sentence, we consider whether the district court properly calculated the advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall v. United States, 552 U.S. 38, 51 (2007). "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d

325, 330 (4th Cir. 2009) (internal quotation marks omitted). The explanation must be sufficient to allow for "meaningful appellate review," id. at 328, such that the appellate court need "not guess at the district court's rationale." Id. at 329 (internal quotation marks omitted).

Dickerson asserts that the district court improperly applied a presumption of reasonableness in fashioning his sentence. In Rita v. United States, 551 U.S. 338 (2007), the Supreme Court held that an appellate court may presume that a within-Guidelines sentence is reasonable. Id. at 351. We have recognized, however, that "Rita presumptions are forbidden in sentencing courts . . . [because] they confer the force of law upon the Guidelines." United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). If the district court applies a presumption of reasonableness in the initial sentencing proceeding, the "sentence is procedurally unreasonable." Id. at 216-17. On the other hand, we have explained that a district court does not impermissibly apply a presumption in favor of a Guidelines sentence if it "use[s] the Guidelines to orient its thinking" and "the process of sentencing begins with correctly calculating the Guidelines sentencing range." Id. at 217. Nor does a district court violate Rita "simply by selecting a Guidelines sentence in the case or by deeming it the most fitting or appropriate sentence for the case." Id. Our review

of the record leads us to conclude that the sentencing court considered its obligations under § 3553(a) without any impermissible presumption that a Guidelines sentence was reasonable.

Next, Dickerson claims that the district court failed to explain why it rejected his arguments for a below-Guidelines sentence and that the career offender Guidelines should not be applied to him. Dickerson preserved these issues for appeal "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed." United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). Thus, our review is for an abuse of discretion. Id. at 581, 583-84. If the district court procedurally erred and thus abused its discretion, we must reverse unless the error is harmless. Id. at 581, 585.

The court's statements at sentencing, taken as a whole, indicate that it considered and rejected each of Dickerson's arguments. The court determined that, based upon the facts before it, Dickerson deserved a low-end Guidelines sentence. On the record, we conclude without difficulty that the district court did not procedurally err.

The judgment of the district court is affirmed. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED