**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-6485**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

KEVIN NEVOYLE DICKERSON, a/k/a Hebe,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (7:10-cr-00011-SGW-RSB-1; 7:12-cv-80528-SGW-RSB)

Submitted: October 29, 2013      Decided: November 13, 2013

Before KEENAN, DIAZ, and THACKER, Circuit Judges.

Vacated in part and remanded by unpublished per curiam opinion.

Kevin Nevoyle Dickerson, Appellant Pro Se. Donald Ray Wolthuis, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Nevoyle Dickerson, a federal prisoner, filed a 28 U.S.C. § 2255 motion contending, *inter alia,* that his counsel provided ineffective assistance by advising him to reject a plea agreement in favor of entering a "straight up" guilty plea. Dickerson sought to appeal the district court's order denying relief on his motion and a subsequent order denying reconsideration. We granted Dickerson a certificate of appealability and received further briefing on the issue of counsel's alleged ineffective assistance in advising Dickerson to reject the plea offer.[*] Because we conclude an evidentiary hearing was warranted, we vacate in part and remand with instructions to grant Dickerson a hearing on this ineffective assistance of counsel claim.

Dickerson was charged with conspiracy to distribute and possess with intent to distribute more than 1000 grams of heroin (Count One), and attempt to possess with intent to distribute more than 100 grams of heroin (Count Eight). He ultimately pleaded guilty without a plea agreement to both counts. The district court imposed a within-Guidelines sentence of 262 months' imprisonment on each count, to be served

---

[*] We denied a certificate of appealability as to the second claim Dickerson raised in his § 2255 motion.

2

concurrently. On direct appeal, we affirmed Dickerson's sentence. United States v. Dickerson, 436 F. App'x 252 (4th Cir. 2011) (unpublished).

In his § 2255 motion, Dickerson maintains that counsel advised him to reject the Government's proffered plea agreement by which Dickerson would plead guilty to Count One in exchange for a dismissal of Count Eight, in favor of entering a "straight up" guilty plea to both counts. Dickerson complains that he "benefitted nothing by entering such a plea" and that he would have accepted the plea agreement absent counsel's ineffectiveness.

While the district court recognized that the Government had not proffered Dickerson's attorney's affidavit explaining her reasons for recommending a "straight up" guilty plea, the district court found it "highly likely" that counsel believed it was important to avoid the appellate and collateral attack waiver customarily insisted upon by the Government in the plea agreement. The court also emphasized that Dickerson could show no resulting prejudice because under the conduct-based sentencing scheme, Dickerson's plea to Count One subsumed the conduct alleged in Count Eight, as reflected in the concurrent 262-month sentences imposed and, therefore, "[h]is plea to count eight did not lengthen his term of incarceration by a single day."

3

To succeed on his ineffective assistance claim, Dickerson must show that: (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The Supreme Court addressed the standard for showing ineffective assistance during the plea bargaining stage in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012). In Lafler, the Court held that the Sixth Amendment right to counsel applies to the plea bargaining process and prejudice occurs when, absent deficient advice, the defendant would have accepted a plea that would have been accepted by the court, and that "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." 132 S. Ct. at 1385.

In Frye, the Supreme Court held that a component of the Sixth Amendment right to counsel in the plea bargaining context is that counsel has a duty to communicate any offers from the Government to his client. 132 S. Ct. at 1408. Under Frye, in order to show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, a defendant must demonstrate a reasonable probability he would have accepted the earlier plea offer had he been afforded effective assistance of counsel. Id.

4

at 1409. Additionally, a defendant must show that "if the prosecution had the discretion to cancel it or if the trial court had the discretion to refuse to accept it, there is a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented." Id. at 1410.

In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b). An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue. United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000).

In its response, the Government contends, as it did below, that, by pleading guilty without a plea agreement, Dickerson preserved all of his appellate rights and all of his rights to collaterally attack his convictions and sentence. Arguing that it was objectively reasonable for defense counsel to recommend this route, the Government asserts that "[d]eference must be given this strategic choice." With respect

to prejudice, the Government asserts that the calculus of the sentencing was unaffected. Furthermore, while it concedes that an additional conviction could have collateral consequences, even where the sentences run concurrently, it argues that Dickerson cannot show there was a reasonable probability that he would have accepted the plea offer, thus failing to meet the required showing of prejudice.

We conclude that the district court abused its discretion in failing to conduct an evidentiary hearing on Dickerson's ineffective assistance of counsel claim. As to prejudice, we conclude that Dickerson made a colorable showing that, absent counsel's advice, he would have accepted a plea that would have been accepted by the court, and that "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Lafler, 132 S. Ct. at 1385.

With respect to the reasonableness of counsel's advice to Dickerson to reject the Government's plea offer, the district court was presented with only the Government's unsworn, unauthenticated assertion that Dickerson had been offered a plea agreement that contained a waiver of the right to appeal. The Government did not present any supporting affidavits. A close look at the Government's response indicates that avoiding the appellate waiver would have been the only strategic reason to

6

reject the Government's offer to plead guilty to Count One. However, there is nothing in the record to support a finding that the government conditioned its offer on such a waiver, that counsel deemed it important in Dickerson's case to avoid waiver of the right to appeal, or that counsel's advice to reject the offer was on that basis. While counsel may have reasonably believed that the waiver was reason enough to reject the plea offer and plead straight up, there is no affidavit from counsel in the record, and the district court was left to guess at counsel's motives and strategy, if any. The district court's determination that counsel's advice to forgo a written plea agreement was a strategic one is a factual determination requiring a credibility determination, or at least the receipt of evidence outside of the present record; thus, the district court erred in not ordering an evidentiary hearing. Witherspoon, 231 F.3d at 925-27.

Accordingly, we vacate in part the district court's dismissal of Dickerson's § 2255 motion. We remand with instructions to grant Dickerson an evidentiary hearing on his claim that counsel was ineffective in advising him to reject the Government's written plea offer to one count in favor of entering a straight up guilty plea to two counts. We dispense with oral argument because the facts and legal contentions are

7

adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED IN PART AND REMANDED