**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-6913**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

KEVIN NEVOYLE DICKERSON, a/k/a Hebe,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (7:10-cr-00011-SGW-RSB-1; 7:12-cv-80528-SGW-RSB)

_____

Submitted: November 24, 2014    Decided: December 2, 2014

_____

Before KEENAN, DIAZ, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Kevin Nevoyle Dickerson, Appellant Pro Se. Donald Ray Wolthuis, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Nevoyle Dickerson, a federal prisoner, filed a 28 U.S.C. § 2255 (2012) motion contending, in relevant part, that his trial counsel was unconstitutionally ineffective in advising him to reject a plea offer to one count and instead enter a "straight up" plea to two counts. We granted a certificate of appealability on this claim and remanded his case to the district court for an evidentiary hearing. United States v. Dickerson, 546 F. App'x 211 (4th Cir. 2013) (No. 13-6485). On remand, the district court found that counsel properly advised Dickerson of his rights and Dickerson agreed with counsel that preserving his appellate rights was valuable enough to forgo entering a plea agreement conditioned upon a waiver of appeal and habeas rights. Dickerson appeals for the second time.

To succeed on his ineffective assistance claim, Dickerson must show that: (1) counsel's failures fell below an objective standard of reasonableness, and (2) counsel's deficient performance was prejudicial. In Lafler v. Cooper, 132 S. Ct. 1376, 1384-85 (2012), the Supreme Court held that the Sixth Amendment right to counsel applies to the plea bargaining process, and prejudice occurs when, absent deficient advice, the defendant would have accepted a plea that would have resulted in

a less severe conviction, sentence, or both. In <u>Missouri v. Frye</u>, 132 S. Ct. 1399, 1408 (2012), the Supreme Court held that a component of the Sixth Amendment right to counsel in the plea bargaining context is that counsel has a duty to communicate any offers from the Government to his client. We review the district court's conclusions of law de novo and its findings of fact for clear error. <u>United States v. Nicholson</u>, 611 F.3d 191, 205 (4th Cir. 2010).

After thoroughly reviewing the record and the transcript of the evidentiary hearing, we find no reversible error in the district court's conclusion that counsel's determination in Dickerson's case that the advantages of pleading guilty without a plea agreement containing appellate and collateral waivers outweighed the advantages of pleading guilty pursuant to a plea agreement containing those waivers did not render counsel's representation ineffective.

Accordingly, we affirm the judgment of the district court. We further deny Dickerson's motion for appointment of counsel and for a certificate of appealability. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3