**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6025**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GERALD DECOSTA WHALEY, a/k/a Costa,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg. J. Michelle Childs, District Judge. (5:12-cr-00810-JMC-1; 5:15-cv-01613-JMC)

Submitted: July 26, 2018                    Decided: August 6, 2018

Before AGEE, KEENAN, and WYNN, Circuit Judges.

Vacated and remanded in part, and dismissed in part by unpublished per curiam opinion.

Gerald Decosta Whaley, Appellant Pro Se. John David Rowell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald Decosta Whaley, a federal prisoner, filed a 28 U.S.C. § 2255 (2012) motion raising three claims that his trial counsel rendered ineffective assistance. The district court denied Whaley's motion in full and declined to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c) (2012). We granted a partial certificate of appealability and received further briefing on one of these claims: Whaley's assertion that counsel was ineffective for failing to file a direct appeal after Whaley instructed him to do so. We now conclude that the district court's dismissal of Whaley's § 2255 motion without first holding an evidentiary hearing was an abuse of discretion.

In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue. *United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000); *see also Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970). This court reviews for abuse of discretion a district court's refusal to conduct an evidentiary hearing. *Conaway v. Polk*, 453 F.3d 567, 582 (4th Cir. 2006).

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *see also Peguero v. United States*, 526 U.S. 23, 28

(1999); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Flores-Ortega*, 528 U.S. at 484. This rule applies with equal force where, as here, a defendant's plea agreement contains a waiver of appellate rights. *United States v. Poindexter*, 492 F.3d 263, 271-73 (4th Cir. 2007).

In the proceedings below, Whaley filed an affidavit stating unequivocally that he informed his counsel at sentencing that Whaley wished to file a direct appeal, but that counsel failed to file one. Nothing in the district court record specifically rebuts this allegation. Because the success of this ineffective assistance claim ultimately hinges on a credibility determination, an evidentiary hearing was required, *see Witherspoon*, 231 F.3d at 925-27, and the district court abused its discretion by not holding one. Accordingly, as to this claim, we vacate and remand with instructions to grant Whaley a hearing on his claim that counsel failed to appeal the criminal judgment as directed.

With regard to Whaley's two remaining ineffective assistance claims, he may not appeal unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484

3

(2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Whaley has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal as it relates to Whaley's two remaining claims.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED IN PART*;
*DISMISSED IN PART*